UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bruce Derrick Calhoun,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>San Diego County; Huff; Brooks; Irma E. Gonzales; Sheriff Gore; U.S. Marshales; Court Security; San Diego Police Department; MTS; NBC San Diego; City Hall; Chase Bank; San Diego County Courthouse - Hall of Justice; Edward J. Schwartz United States Courthouse; Edward J. Schwartz Federal Building; Navy; Air Force; Army; CIA; NSA; OSI; White House; Naval Base Coronado; Justice Department; San Diego Sheriff Dept.; Sharp Hospital; VAMC Mission Valley; Vash Had Section 8; Dr. Frankel; Department of Veteran Affairs; Scott Davidson; Risk Management; Mayor Sanders; Governor Brown; President Obama; Homeland Security; Moskowitz; Samnartino; McCurine; Marines; USD; UCSD; SDSU; U.S. Grant; Plaza Hotel; Citizens Review Board on Police Practices; Victims Compensation Program; State Attorney; Social Security; Grand Jury; Chargers; Padres; Elite; Qualcom; Petco Park; Naval Base San Diego; General Dynamics; AT&T; Verizon; LG; Hyundai; Navy Federal Credit Union; Wells Fargo Bank; Citi Bank; Bank of America; Old Town Historical Park; Life Guards; Beach Patrol; Ralphs; Prudential; Remax; Symbolic Motor Car Company; ETC.,<br><br>　　　　　　　Defendants. | Civil No. 12cv2070 AJB (MDD)<br><br>ORDER:<br><br>(1) DISMISSING PLAINTIFF'S COMPLAINT SUA SPONTE;<br><br>(2) DENYING MOTION TO APPOINT COUNSEL AS MOOT;<br><br>AND<br><br>(3) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT<br><br>[Doc. Nos. 1, 2, and 3] |

On August 22, 2012, Plaintiff Bruce Derrick Calhoun, proceeding pro se, filed a Complaint against San Diego County, U.S. District Court Judge Marilyn L. Huff, U.S. District Court Judge Irma E. Gonzales, U.S. Magistrate Judge Ruben B. Brooks, Sheriff Gore, U.S. Marshals, Court Security, San Diego Police Department, MTS, NBC San Diego, City Hall, Chase Bank, San Diego County Courthouse - Hall of Justice, Edward J. Schwartz United States Courthouse, Edward J. Schwartz Federal Building, Navy, Air Force, Army, CIA, NSA, OSI, White House, Naval Base Coronado, Justice Department, San Diego Sheriff Dept., Sharp Hospital, VAMC Mission Valley, Vash Had Section 8, Dr. Frankel, Department of Veteran Affairs, Scott Davidson, Risk Management, Mayor Sanders, Governor Brown, President Obama, Homeland Security, U.S. District Court Judge Barry T. Moskowitz, U.S. District Court Judge Janis L. Sammartino, U.S. Magistrate Judge William McCurine, Marines, USD, UCSD, SDSU, U.S. Grant, Plaza Hotel, Citizens Review Board on Police Practices, Victims Compensation Program, State Attorney, Social Security, Grand Jury, Chargers, Padres, Elite, Qualcomm, Petco Park, Naval Base San Diego, General Dynamics, AT&T, Verizon, LG, Hyundai, Navy Federal Credit Union, Wells Fargo Bank, Citi Bank, Bank of America, Old Town Historical Park, Life Guards, Beach Patrol, Ralphs, Prudential, Remax, Symbolic Motor Car Company, and etc.  (Doc. No. 1).  Plaintiff moves to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) and argues that an appointment of counsel is required pursuant to 28 U.S.C. § 1915(e)(1).  (Doc. Nos. 2, 3).

## I.     Sua Sponte Screening Under 28 U.S.C. § 1915(e)(2)(B)

A party instituting a civil action in a district court is required to pay a filing fee of $350.  28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the court grants the plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

Proceeding under 28 U.S.C. § 1915(a), a district court must dismiss a case sua sponte if it determines that the action fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).  Federal Rule of Civil Procedure 8(a) required a plaintiff to allege "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This statement must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. A plaintiff must plead more than conclusory allegations to show "plausible liability" and avoid dismissal. *Id.* at 557 n.5.

Here, Plaintiff's Complaint alleges that Defendants attempted to murder him at his residence "and the Edward J. Schwartz United States Courthouse and the Edward J. Schwartz Federal Building, and the 4th Floor Clerk while [he] filled out the paperwork." The Complaint alleges that on August 22, 2012, "they were at [his] residence attempting to murder [him] again!" Plaintiff does not provide any facts supporting his assertions. *See Twombly,* 550 I.S. at 555. Plaintiff's allegations fail to demonstrate plausible liability. *Id.* at 557 n.5. Accordingly, the Court dismisses Plaintiff's Complaint sua sponte for failure to state a claim upon which relief may be granted.

## II.   *Motions to Appoint Counsel and to Proceed In Forma Pauperis*

Because the Court dismisses the Complaint, Plaintiff's requests for appointment of counsel and to proceed in forma pauperis are moot.

## III.   *Conclusion*

For the foregoing reasons, the Court **DISMISSES** Plaintiff's Complaint and **DENIES** Plaintiff's motions for appointment of counsel and to proceed in forma pauperis as moot.

IT IS SO ORDERED.

DATED: September 7, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge

.